■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY HERMAN, Appellant. [836 NYS2d 183]—

Judgments, Supreme Court, New York County (Budd G. Goodman, J.), rendered December 21, 2004, convicting defendant, upon his pleas of guilty, of criminal sale of a controlled substance in the fifth degree and violation of probation, and sentencing him, as a second felony offender, to a term of 2 to 4 years on the fifth-degree sale conviction, consecutive to a term of 2 to 6 years on the violation of probation, unanimously affirmed.

Defendant's challenge to the revocation of his probation after the original term of probation had expired is unpreserved (*see People v Douglas*, 94 NY2d 807 [1999]; *People v Kyem*, 272 AD2d 136 [2000], *lv denied* 95 NY2d 836 [2000]), and we decline to review the claim in the interest of justice. Were we to review the claim, we would find that the court did not lack jurisdiction to revoke defendant's probation, which was based on his repeated failure to report to his probation officer. The filing of the declaration of delinquency tolled the period of probation (Penal Law § 65.15 [2]), and the delay in the court's final determination on the matter was generally requested by the defense or occasioned by a change in defendant's counsel, rather than being attributable to the prosecution or the court (*see People v*

*Cook*, 295 AD2d 622 [2002]; *compare People v Jacks*, 235 AD2d 247 [1997], *lv denied* 89 NY2d 1036 [1997]).

We perceive no basis for reducing the sentence imposed on the violation of probation. Concur—Mazzarelli, J.P., Marlow, Gonzalez, Catterson and Kavanagh, JJ.